**THE UNITED STATES :**

**IN THE WESTERN DISTRICT OF VIRGINIA HARRISONBURG DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **CASE NOS.: 5:23-PO-00001** |
| ) | **TRIAL: 2/14/2023 AT 9:00 AM** |
| **AARON M. GARVIN,** ) | |
| **Defendant.** ) | |

### DEFENDANT'S REQUEST FOR DISCOVERY AND INSPECTION UNDER RULE 16, 16.1, AND 17  OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

**COMES NOW,** The defendant, Aaron Garvin, by and through counsel, Blair D. Howard, pursuant to ***Rule 16. Discovery and Inspection***, ***Rule 16.1 Pretrial Discovery Conference; Request for Court Action, and Rule 17. Subpoena*** of <u>The Federal Rules of Criminal Procedure</u> and requests that the Government permit the defendant to hear, inspect, copy, or photograph the following information or material when the existence of such is known or becomes known to the U.S. Attorney or through due diligence, the U.S. Attorney determines the information exists.

### Rule 16. Discovery and Inspection

**(a) Government's Disclosure**.

**(1) *Information Subject to Disclosure.***

**(A) Defendant's Oral Statement.** Upon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.



LAW OFFICES
**HOWARD, CLARK & HOWARD**

7 HOTEL STREET,
WARRENTON, VA 20186

TELEPHONE:
(540) 422-0100

FAX:
(540) 422-0099

EMAIL:
INFO@HCHLAWVA.COM

**(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

(i) any relevant written or recorded statements (video or audio) made by the defendant if:

· the statement is within the government's possession, custody, or control; and

· the attorney for the government knows-or through due diligence could know-that the statement exists;

(ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and

**D) Defendant's Prior Record**. Upon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows -- or through due diligence, could know -- that the record exists.

**(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item in its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

**(F) Reports of Examinations and Tests**. Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment (Blood or breath test) if:

(i) the item is within the government's possession, custody, or control;

(ii) the attorney for the government knows-or through due diligence could know-that the item exists; and

(iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

**(G) Expert Witnesses**. At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

**(b) Defendant's Disclosure**.
**(1) *Information Subject to Disclosure.***

**(A) Documents and Objects.** If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial.

**(B) Reports of Examinations and Tests.** If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the defendant's possession, custody, or control; and

(ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report, and the report relates to the witness's testimony.

**(C) Expert Witnesses**. The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if–

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition. This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]

**(c) Continuing Duty to Disclose**. A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if:

(1) the evidence or material is subject to discovery or inspection under this rule; and

(2) the other party previously requested, or the court ordered, its production.

**(d) Regulating Discovery**.
**(1) *Protective and Modifying Orders*.** At any time, the court may, for a good cause, deny, restrict, or defer discovery or inspection or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.
**(2) *Failure to Comply*.** If a party fails to comply with this rule, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B) grant a continuance;

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.


## Rule 16.1 Pretrial Discovery Conference; Request for Court Action

**(a) Discovery Conference**. No later than 14 days after the arraignment, the attorney for the government and the defendant's attorney must confer and try to agree on a timetable and procedures for pretrial disclosure under Rule 16.
**(b) Request for Court Action**. After the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial.

## Rule 17. Subpoena

    **(a) Content**. A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies. The clerk must issue a blank subpoena-signed and sealed-to the party requesting it, and that party must fill in the blanks before the subpoena is served.

**(c) Producing Documents and Objects**.
**(1) *In General*.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The requested material is to be made available to the accused by the U.S. Attorney or representative of the United States attorney's office by presentation to the accused, through counsel, on or before _____(TO BE DETERMINED)_____, 2023.

Respectfully submitted,

Blair D. Howard, VSB # 04947
Counsel for defendant